Deadeeick, Oh. J.,
delivered the opinion of the court:
Plaintiff in error was convicted at the January term, 18YY, of the circuit court of Hawkins, as accessary before the fact, to murder in the second degree, and sentenced to fifteen years confinement in the pentitentiary.
A reversal of the judgment is asked:
1. Because the evidence does not sustain the ver diet.
2. Bor refusal of the court to give certain instructions to tlie jury which were asked by the defendant.
3. Because of positive error in the charge of the court.
4. Because of error in admitting and rejecting testimony.
It is argued that the court erred in refusing to give, certain instructions asked, and it is especially insisted that the *417 comí, erred in refusing to give particular instructions as to tlie force of circumstantial evidence.
The instruction asked for would be proper in a case depending wholly upon circumstantial evidence, but the rules does not apply to a case where there is direct evidence of the fact to be established.
The .instruction asked was “that to justify the inference of guilt from circumstantial evidence, the existence of the inculpatory facts must be incompatible with the innocence of the accused.”
And so the law is laid down, in effect, in cases in which the evidence was entirely circumstantial. 2 Rus. on C., 727; 1 Gr. Ev., sec. 13a.
Direct or positive evidence is usually regarded as more satisfactory than circumstantial evidence; still the latter may be of such a character as to generate full belief.
“It may be, and constantly is, used in connection with direct evidence and as an aid to it, being intended as a collateral means of more effectually developing the truth sought.” Bur. on Cir. Ev., 226.
And when so used it would be improper and misleading to the jury to charge as requested in the proposition noted.
Circumstantial has sometimes been called a substitute for positive or direct evidence, but it is often used as an aid to, as well as a test of the truth of direct evidence, and, in -both these capacities, it is said to perform as important a function as where it is primarily employed to establish the principal fact, and is solely relied on for that purpose. Burr., Cir. Ev., 226-7.
In such cases, all the evidence must be considered, and from it the jury must be satisfied beyond a reasonable doubt, and so the judge charged the jury.
The first and second propositions of the defendant ask tlie court, in effect, to state to the jury that the case was one of doubt, and they ought to acquit unless some, motive for the act was proved.
*418 There was no error in refusing to charge as requested.
The court was also asked to ’charge that “the fact that a third party was guilty, if proven, will operate to acquit defendant.”
The offense charged was one of which two or more might have been guilty, and probably were, and there was no error in refusing to give the charge requested.
We are of opinion that the charge of the court fairly presented to the jury the questions raised in the record, and that there was no error in the rejection of evidence to the prejudice of defendant, and the judgment of the circuit courd; will be affirmed.